# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MEYERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00273 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*David Meyers, Pro Se Plaintiff.*

The plaintiff, David Meyers, a Virginia inmate proceeding pro se, has filed a civil rights action against state and federal officials. He has also requested to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(b), which allows a prisoner to pay filing costs in installments. Upon review of public court records and Meyers' recent submissions, I have concluded that this action must be summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1996, all prisoner litigants filing federal civil actions must pay filing fees in full, either through prepayment or through installments. § 1915(b). Section 1915(g) denies the installment payment method of IFP to prisoners who have "three strikes" — those prisoners who have had three or more previous cases or appeals dismissed as frivolous, malicious, or

for failure to state a claim upon which relief may be granted — unless the inmate shows "imminent danger of serious physical injury." § 1915(g).

Meyers has brought such actions or appeals on three or more prior occasions: *Meyers v. United States District Court*, No. 2:07-cv-00363 (E.D. Va. Nov. 1, 2007); *Meyers v. City of Petersburg*, No. 2:03-cv-00248 (E.D. Va. Apr. 11, 2003); *Myers v. Bass*, No. 2:95-cv-00774 (E.D. Va. Aug. 15, 1995). *See also Meyers v. Virginia State Bar*, No. 08-6849 (4th Cir. July 10, 2008) (unpublished) (finding that the three listed dismissals are strikes under § 1915(g) and denying Meyers' motion to proceed without prepayment of appeal fees on that ground). Accordingly, Meyers may proceed with this case only if (a) he prepays the $400 filing costs for a civil action in this court, or (b) he shows that he is in imminent danger of serious physical injury. § 1915(g).

This imminent danger "'exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (*quoting Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Courts have also held that the "imminent danger" exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to

the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

> Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

*Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050).

Liberally construed, Meyers' Complaint in this case alleges the following:

    1.   Virginia Department of Corrections ("VDOC") Director Harold Clarke "is sanctioning and allowing sexual abuses, retaliations, attempted murders by staff/inmates on [Meyers]." Compl. 2, ECF No. 1.

    2.   Officials at Red Onion State Prison ("Red Onion") have been tampering with Meyers' legal mail.

    3.   On July 9, 2016, Dr. Wang at Green Rock Correctional Center "sodomized" Meyers by performing a rectal examination without his consent, and other prison staff denied that the event occurred to avoid civil liability. *Id.*

    4.   Red Onion staff refused to provide Meyers with financial paperwork.

    5.   After Meyers arrived at Pocahontas Correctional Center on December 9, 2016, and told officials that he had an enemy among the inmates there, officers dragged him 300 yards, "threw [him] into concrete head first injuring [his] neck and head," and then "kept [him] in a below freezing cell for 14 days." *Id.*

    6.   On May 5, 2017, Officers Stanley, Gwen, and Swiney "strangled [Meyers] near death" and "burned [his] face." *Id.*

>7. In Meyers' prior civil rights action, No. 7:16CV00573 (dismissed without prejudice in March 2017), the Assistant Attorney General and others had Meyers transferred to Red Onion, where prison officials have "colluded" to allow "sexual abuses on [Meyers] by staff and inmates, made death threats to [him], caused [him] serious injuries, and racketeer[ed] funds from [his] account."

Meyers' § 1983 Complaint in this case is signed and dated May 1, 2018. It was stamped as received in the prison on June 14, 2018, and was received and docketed by the court on June 19. I cannot find that Meyers' factual allegations are sufficient to demonstrate that at the time he filed his Complaint, he faced any imminent danger of serious physical harm related to the allegations it contains. Meyers claims to have been injured as a result of unrelated actions by officers that occurred months before May and June 2018 in different prison facilities. None of these incidents suggests any likelihood that the officers would repeat their actions so as to pose an imminent danger of serious physical harm to Meyers in the future. Moreover, Meyers' assertion that multiple administrators and supervisory officials have "colluded" to allow similar events is merely speculative and conclusory, and is thus insufficient to support a finding of imminent danger of serious physical harm under § 1915(g).

Because the records reflect that Meyers has at least three strikes under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g). As stated, he has not prepaid the

$350 filing fee and the $50 administrative fee required to bring this civil action. Therefore, I will dismiss the Complaint without prejudice and close the action.[1]

A separate Final Order will be entered herewith.

DATED: July 23, 2018

/s/ James P. Jones
United States District Judge

---

[1] I also note that Meyers' § 1983 Complaint does not comport with the Federal Rules of Civil Procedure. He names 27 defendants (federal and state officials, prison staff and state administrators) and alleges various unrelated wrongs he has suffered over the last two years at three different prison facilities. As Meyers has been advised in previous cases, a Complaint cannot properly join into one civil action multiple unrelated claims against multiple unrelated defendants, merely because all events occurred during his incarceration. Rule 18(a) only allows a plaintiff to join as many claims in one case as he has against one opposing party (defendant). Fed. R. Civ. P. 18(a). Rule 20 allows the joinder of several parties in one case, but only if the claims arose out of the same transaction or occurrence, or series thereof, and contain at least one question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a). Thus, claims that arise out of different transactions against different defendant(s) cannot be properly joined in one federal civil complaint, as Meyers as attempted to do here.