# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** | )<br>) |
| Plaintiff, | ) Case No. 7:18CV00273<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **HAROLD CLARKE, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*David Meyers, Pro Se Plaintiff.*

By Opinion and Order entered July 23, 2018, I summarily dismissed this Virginia inmate's civil rights action under the three strikes provisions of 28 U.S.C. § 1915(g). Specifically, I found that the plaintiff had three prior case dismissals as defined in § 1915(g) and had not alleged particularized facts meeting the imminent danger exception of that statute. Because the plaintiff was thus not eligible to pay the filing fee through installments and had not prepaid that fee, I dismissed the case without prejudice. Meyers now moves for reinstatement of the case, submits a proposed Amended Complaint, renews a request for interlocutory injunctive relief to protect him from prison officials at Red Onion State Prison ("Red Onion"), and demands an evidentiary hearing on imminent danger. He also seeks interlocutory relief to address alleged interference by prison officials with his outgoing legal mail and grievances.

In his current submissions, as in his previous ones, Meyers repeatedly *states* that he is in imminent danger of serious physical harm, based on lists of unrelated past events in prison over several years at several facilities. To this list, he also adds a new allegation — that Red Onion officials are likely to harm him because he recently informed the FBI that a Virginia Department of Corrections administrator's son heads a ring that is smuggling drugs and cell phones to inmates.[1] His proposed Amended Complaint, like the one I summarily dismissed, misjoins multiple unrelated claims against dozens of defendants in violation of the rules. *See* Fed. R. Civ. P. 8, 10, 18, 20.

I have carefully reviewed Meyers' submissions. They do not change my conclusion that in this case, he has not met the necessary preliminary showing of imminent danger as required to proceed for further factual development of his claims without prepayment of the filing fee.[2] *See Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of *ongoing* serious physical injury, or of a

---

[1] Inexplicably, Meyers also names the FBI director as a defendant.

[2] In another of Meyers' § 1983 cases, *Meyers v. U.S. Postal Service*, No. 7:18CV00029, I found an adequate showing of imminent harm under 28 U.S.C. § 1915(g) on one claim and referred the case to the Hon. Pamela Meade Sargent, United States Magistrate Judge. She will conduct an evidentiary hearing on August 16, 2018, to determine whether Meyers is in imminent danger of serious physical harm within the meaning of § 1915(g) at Red Onion. She may also recommend whether interlocutory injunctive relief is warranted.

pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (internal quotation marks and citation omitted and emphasis added).

Finding no good cause for the relief requested, it is **ORDERED** that the plaintiff's motion seeking reinstatement of this case (ECF No. 15) is DENIED, and the remaining motions (ECF Nos. 9, 10, 11, 14, and 16) are DENIED as moot.

ENTER: August 6, 2018

/s/ James P. Jones
United States District Judge